

FILED & JUDGMENT ENTERED
David E. Weich

Nov 28 2006

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **SHIRLEY ILETA WRAY,** ) | Case No. 02-40596 |
| ) | Chapter 7 |
| Debtor. ) | |
| ──────────────────────── ) | |
| ) | |
| **LANGDON COOPER, Trustee** ) | |
| ) | Adv. Proc. 04-4031 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **SHIRLEY ILETA WRAY** ) | |
| **JOHN D. WRAY,** ) | |
| ) | |
| Defendants and ) | |
| Third-Party ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **JULIE MOSER HANCE and** ) | |
| **HANCE & HANCE, PA,** ) | |
| ) | |
| Third-Party ) | |
| Defendants. ) | |
| ──────────────────────── ) | |

## ORDER

This matter comes before the court upon the request for a jury trial of the third-party defendant, Hance & Hance, PA.

Having reviewed the record in this case and considered the matter, the court finds that the third-party defendant, Hance & Hance, PA is entitled to a jury trial.

The Chapter 7 Trustee filed a complaint against the debtor and her husband in which he alleges claims under 11 U.S.C. §§ 548(a)(1)(A), 363, 548(a)(1)(B), 547, and 727(d)(2) stemming from the transfer of property in Ohio from the debtor to her husband. The defendants filed a third-party complaint against Julie Moser Hance and Hance & Hance, PA alleging malpractice on the part of Ms. Hance in her representation of the debtor in her bankruptcy proceeding. In their prayer for relief, the defendants and third-party plaintiffs seek to have the third-party defendants held jointly and severally liable for any judgment issued against the defendants as well as for the costs of the action, including reasonable attorney's fees.

Under Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), if a plaintiff files an adversary proceeding seeking a legal remedy, the Seventh Amendment entitles the defendant to a jury trial as long as the defendant has not filed a proof of claim in the debtor's bankruptcy case. Courts have consistently found that the Seventh Amendment applies to professional malpractice lawsuits. See Debaillon v. Steffes, 195 B.R. 362, 364 (M.D. La. 1996) (citations omitted). In this case, the third-party plaintiffs

seek a money judgment from the third-party defendants, a remedy that is legal in nature.  Hance & Hance, PA has not filed a claim in the underlying bankruptcy case nor has it consented to a jury trial before the bankruptcy court.  Accordingly, the court finds that Hance & Hance, PA is entitled to a jury trial in the District Court.  Therefore, the cross-claims against Hance & Hance, PA should be severed from this case and referred to the District Court for trial.

It appears that the liability, if any, of Hance & Hance, PA is derivative in nature.  Therefore, severing the cross-claims against Hance & Hance, PA should not impact the trial of the remaining claims in this adversary proceeding, which are scheduled to be heard on December 14, 2006.

It is therefore **ORDERED** that:

(1)  The cross-claims against third-party defendant Hance & Hance, PA are severed and Hance & Hance, PA shall not participate in the trial of this matter;

(2)  The cross-claims against Hance & Hance, PA are hereby referred to the United States District Court for the Western District of North Carolina for trial by jury; and

(3)  All remaining claims shall be tried before this court as originally scheduled at 11:00 a.m. on December 14, 2006, at the United States Bankruptcy Court, Charles R. Jonas Federal Building, 401 West Trade Street, Courtroom 126, Charlotte, North

Carolina, 28202, consistent with the court's orders entered on

October 12, 2006, October 19, 2006, and October 23, 2006.

**This Order has been signed electronically.**     **United States Bankruptcy Court**
**The judge's signature and court's seal**
**appear at the top of the Order.**